ROSS v. MARTIN et al.

(Supreme Court of Texas. Nov. 15, 1911.)

1. HUSBAND AND WIFE (§§ 262, 273*)—COMMUNITY PROPERTY—PRESUMPTIONS.

Real estate acquired during marriage and occupied by the parties is presumptively community property, and on the death of the husband, leaving no children living at the time of his death, the title vests in the surviving wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914, 1009; Dec. Dig. §§ 262, 273.*]

2. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—RIGHTS OF SURVIVOR—"CHILD."

Grandchildren are not children, within Rev. St. 1879, art. 1653, declaring that community property goes to the surviving spouse, if the deceased spouse had no "child or children."

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 273.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

3. EXECUTORS AND ADMINISTRATORS (§ 274*)—SALE OF REAL ESTATE—EXEMPTIONS—"MINOR CHILDREN."

The term "minor children," as used in Const. art. 16, § 52, declaring that the homestead shall not be apportioned among the heirs of the decedent, so long as the guardian of minor children may be permitted to occupy the same, and in Rev. St. 1895, art. 2046, requiring the setting apart for the benefit of the widow and minor children of property exempt from execution, etc., does not include minor grandchildren living as members of the grandmother's family, and on her death, her property may be sold to pay debts.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 274.*

For other definitions, see Words and Phrases, vol. 5, pp. 4527, 4528.]

Error to Court of Civil Appeals, Fifth Supreme Judicial District.

Action by Deck Martin and another against J. L. Ross. There was a judgment of the Court of Civil Appeals (128 S. W. 718) affirming a judgment for plaintiffs, and defendant brings error. Reversed and rendered.

Harry P. Lawther and F. D. Cosby, for plaintiff in error. E. P. Bryan, for defendants in error.

BROWN, C. J. In December, 1875, and for many years prior thereto, Terrell Martin and Seely Martin, negroes, were husband and wife, and owned and resided upon a lot in the city of Dallas. W. H. Gaston owned the lot in suit, and he and Terrell and Seely Martin agreed to make an exchange of the lots. Terrell Martin and his wife executed and delivered to Gaston a deed for their lot, which Gaston received, and took possession of that lot, but made no deed to Terrell and Seely Martin for the lot he had given in exchange; however, he delivered possession of it to them, and they settled upon and built a house on it which they occupied to their deaths. Terrell Martin died in April, 1886, leaving surviving him Seely, his wife, but no child. Charles Rogers and Deck Martin were minors and grandchildren of Terrell Martin and his wife, and had lived with them before the grandfather's death, and continued to live with the grandmother until her death, being cared for and supported by their grandparents. In the year 1887, Gaston made a deed for the lot to Seely Martin, reciting a cash consideration, but in fact the consideration was the lot conveyed to him by the Martins in 1875. Seely Martin and her grandchildren continued to reside upon the lot until she died in 1891. There was an administration upon the estate of Seely Martin, and the probate court ordered the sale of the lot in controversy to pay a debt against Seely Martin. It was sold, and the sale was approved, deed made, and Ross claims under that sale. The facts as to the administration and sale are very meager, but we think they support this general statement. Defendant Ross requested the court to instruct the jury to return a verdict for the defendant, which was refused.

[1, 2] The facts show that the lot was acquired during the marriage; therefore is presumed to have been the community property of Terrell and Seely Martin, and, as they had no children living at Terrell's death, the title then vested in Seely, the surviving wife, for the whole of the lot. This article of the Revised Statutes of 1879 was then in force: "Art. 1653. Upon the dissolution of the marriage relation by death, all the common property belonging to the community estate of the husband and wife shall go to the survivor if the deceased have no child or children; but if the deceased have a child or children, his survivor shall be entitled to one-half of said property and the other half shall pass to the child or children of the deceased." The grandchildren were not children within the meaning

of that article. Burgess v. Hargrove, 64 Tex. 110.

[3] When Seely Martin died, she left no child, minor or adult, surviving her. Her two minor grandchildren lived with her, and were members of her family. Article 2046, Revised Statutes 1895, reads: "At the first term of the court after an inventory, appraisement and list of claims have been returned, it shall be the duty of the court, by an order entered upon the minutes, to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the state, with the exception of any exemption of one year's supply of provisions." The question of law which is presented by the facts is, Were the grandchildren of Seely Martin her "minor children," within the terms of the article of the statutes above copied? In article 1653, copied above, the words "child or children" were used, and our Supreme Court held that grandchildren were not within the terms of that statute.

Section 52, art. 16, of the Constitution of Texas, deals with the subject of homestead of decedent thus: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same."

"Minor children of the deceased," as therein used, do not include grandchildren, for the terms used indicate clearly otherwise, by the fact that it is dealing with the rights of children as heirs. The Constitution deals with the title of the homestead after the death of the head of the family, as well as the use of it. Article 2046 deals with the rights of creditors and the use of the homestead during administration by minor children. The Constitution provides, also, for use of the homestead by minor children during their minority. The subjects are practically the same. We think it evident that the words "minor children" mean the same in the Constitution and in the statute, and do not include grandchildren in one and not in the other. It is true that the words "child" or "children" have been frequently held to include grandchildren; but those cases rest upon peculiar facts which interpret the words according to the intention of the person using them.

140 S.W.—28

In Clark v. Goins, 23 S. W. 703, the Court of Civil Appeals of the Fifth district, speaking by Mr. Justice Finley, held that a minor granddaughter, living with her grandmother, was entitled to the homestead after the death of the grandmother as against creditors, because the grandchild was a constituent of the family. In the present case, the Court of Civil Appeals hold that the grandchildren, being "constituents of the family," were entitled to the homestead in preference to creditors. If this be true, then the statute would give the homestead to a different class of persons than that prescribed by the Constitution. Children living with the parents are constituents of a family, but constituents of a family are not necessarily children or grandchildren of the claimant of the exemption. Wolfe v. Buckley, 52 Tex. 648; Roots v. Robertson, 93 Tex. 365, 55 S. W. 308. The statute before quoted fixes the rights of creditors of a decedent, and postpones their debts only in favor of the husband or widow, the minor child or children, and the unmarried daughter. These constituents of the family alone have a right under the statute to the exemption as against creditors.

In Roots v. Robertson, supra, this court said: "There is no provision of the law that authorizes a court to set apart exempt property of an estate to the surviving constituents of every family to which it may have been exempted. The constituents of a family who are entitled to the homestead and other exempted property, upon the death of the head, are named in the law and the Constitution. The mother of the deceased is not named, and Mrs. Putman had no homestead right in the property." The grandchildren of Seely Martin were constituents of her family, and would have constituted a family to secure exemption to her while living, but they are not named in the statute which, after her death, would shield the property from her creditors.

Seely Martin being indebted at her death, the probate court had jurisdiction of her estate, and that court having granted administration upon the estate, and by regular proceeding caused the property in controversy to be sold for the payment of a debt established, the sale was valid, and passed the title to the purchaser, under whom plaintiff in error claims title. Deck Martin had no title to the lot, and the court should have instructed the jury to return a verdict for Ross. The judgments of the district court and the Court of Civil Appeals are reversed.

It appearing from the evidence that defendant in error cannot show title to the land, it is ordered that judgment be rendered in this court for plaintiff in error, and that he go hence without day, and recover from Deck Martin all costs.